UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
NOV 29 2007

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| DELBERT GEORGE GRANT, | * | CIV 07-4064 |
| Petitioner, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER |
| J.D. WHITEHEAD, Warden, Federal Prison Camp, Yankton, South Dakota, | * | |
| Respondent. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner, Delbert George Grant, an inmate at the Federal Prison Camp in Yankton, South Dakota, has applied for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner is claiming that his jail-time credit was miscalculated and that he served an excessive amount of time in prison.

## BACKGROUND

On August 15, 2003, Petitioner was arrested by state officials for possession of a sawed off shotgun. He posted bond and was released from state custody that same day. A federal arrest warrant was executed on September 29, 2003, for Felon in Possession of a Firearm based on the same offense that occurred on August 15, 2003. Although Petitioner was taken into federal custody and was under the primary jurisdiction of the United States Marshal, he was housed at the Muskogee County Jail from September 29, 2003 until February 24, 2004 when he was transferred to a federal facility. Petitioner was sentenced on February 3, 2004 in the United States District Court for the Eastern District of Oklahoma to a term of 30 months' imprisonment followed by two years of supervised release for Felon of Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). He began service of his sentence immediately.

---

[1]Petitioner filed this action in the United States District Court for the Eastern District of Oklahoma as a civil rights complaint pursuant to 42 U.S.C. § 1983. The Oklahoma District Court construed the complaint as a § 2241 and then transferred it to this Court when Petitioner was moved from the prison in Oklahoma to the Federal Prison Camp in Yankton, South Dakota.

Documents submitted by the Bureau of Prisons ("BOP") show that Petitioner was awarded one hundred twenty-nine (129) days of credit for the time served prior to February 3, 2004, the day of his sentencing. This included the one day he spent in state custody on August 15, 2003, and 128 days for time served in federal custody from September 29, 2003 through February 2, 2004. This provided a projected release date of November 29, 2005. Subsequently, Petitioner lost 49 days of Good Conduct Time due to his misconduct, and his projected release date changed to January 6, 2006. He was released on January 6, 2006.[2] Petitioner claims that he should have been released earlier.

Petitioner's claim originally was filed in the Eastern District of Oklahoma as a civil rights action for damages against the County Sheriff and County Clerk of Court pursuant to 42 U.S.C. § 1983. By Order dated January 24, 2007, the Oklahoma District Court converted the complaint into a § 2241 habeas petition, stating that Petitioner's claim for damages could not be pursued unless and until Petitioner prevailed on his claim that his incarceration until January 6, 2006, was unconstitutional. On April 26, 2007, the Oklahoma District Court issued an Order transferring the case to this Court because Petitioner is confined in this district.

The Warden of the Federal Prison Camp in Yankton has responded to the § 2241 petition. Respondent argues that this petition should be denied on the merits because the BOP correctly calculated Petitioner's sentence.[3]

---

[2] Later, Petitioner violated the terms of his supervised release. On December 27, 2006, The Oklahoma district court imposed an 18-month sentence upon revocation of supervised release. Petitioner is currently serving that 18-month sentence at the Federal Prison Camp in Yankton, South Dakota, and his projected release date is March 12, 2008. Petitioner is not challenging the execution of this sentence.

[3] Respondent also contends that the petition should be dismissed based on Petitioner's failure to exhaust his administrative remedies. The BOP has a three-level administrative remedy process which must be exhausted before an inmate can bring an action in federal court. *See* 28 C.F.R. § 542 *et seq.*; *United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000). Because of the somewhat unusual procedural background of this case which was originally filed by Petitioner in Oklahoma almost one year ago as a § 1983 action, the Court will excuse Petitioner's failure to exhaust and will address the merits of his claims.

2

## DISCUSSION

The Attorney General, through the BOP, has the authority to compute sentence credits for time in detention prior to sentencing. *See United States v. Wilson*, 503 U.S. 329 (1992). The statute granting this authority to the BOP provides, in part:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). In *Wilson*, the Supreme Court explained that with the enactment of section 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." *Id.* at 337.

Petitioner first argues that he should have received 149 rather than 126 days of credit against his initial 30-month sentence. Included in Petitioner's calculation is credit for the time served from February 3, 2004 until he was transferred from the Muskogee County Jail to a federal facility on February 24, 2004. Petitioner, however, has already received "credit" for that time. The BOP included the time from February 3 to February 24 as time Petitioner spent serving his sentence. It was considered in calculating Petitioner's jail time and his release date. Petitioner's argument that he should have received credit for that time must fail because that would result in double-counting.

Petitioner also asserts that federal prisoners are only required to serve 85% of their sentence and that his constitutional rights were violated because he served 90% of his 30-month sentence.[4] Petitioner does not cite any legal authority in support of this proposition, and the Court is not aware of any authority for such a claim. As a result, this claim fails on its merits. In addition, as

---

[4]Petitioner says that 25 months and 15 days of incarceration would have satisfied 85% of his 30-month sentence. He contends that he should have been released on November 13, 2005 after serving 85% of his sentence. (Petitioner's calculations do not appear to take into account his loss of 49 days of Good Conduct Time.)

Respondent points out, this Court and the Eighth Circuit have upheld the BOP's method of calculating Good Conduct Time. *See Bernitt v. Martinez*, 432 F.3d 868 (8th Cir. 2005). If Petitioner is challenging the BOP's method of calculating Good Conduct Time, that claim also is rejected.

## CONCLUSION

The record shows that the BOP properly calculated Petitioner's jail-time credit and his release date for the 30-month sentence. There is no indication that Petitioner's constitutional rights were violated. Accordingly,

    IT IS ORDERED that Petitioner's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is denied.

Dated this 29th day of November, 2007.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: /s/ Sharon Joyce
(SEAL)   DEPUTY

4